Francisco De Paulo De Lizardi and others *v.* Jean Baptiste Pouverin and others.

Notice of protest served on an attorney in fact is sufficient, though the procuration does not confer specially the power to receive such notices, if it gives general powers to transact the business of the principal, he being abroad. To transmit such notice to the latter at a distant place, might endanger his recourse against previous endorsers, or the maker. *Aliter*, where the power is a limited one, conferring only certain special enumerated powers. In such a case, the procuration cannot be extended beyond what is expressed therein; and the power to receive a notice of protest is not necessarily included in that of endorsing.

Appeal from the Parish Court of New Orleans, *Maurian, J.*

*Grima*, for the appellants.

*Barthe*, contra. The attorney in fact, Tricou, had no authority to receive notice of protest. *Montillet v. Duncan*, 11 Mart. 534. *Louisiana State Bank v. Ellery*, 4 Ib. N. S. 87.

Morphy, J. The defendant, Jean Guimbillot, who resides in France, is sued as endorser of a protested note for $1182 10, drawn to his order by J. B. Pouverin. The notice of protest was served on P. J. Tricou his attorney in fact, who had endorsed the note under a power of attorney expressly authorizing him to do so. There was a judgment below in favor of the defendant, and the plaintiffs have appealed.

The Judge below based his opinion on the case of *The Louisi-ana State Bank* v. *Ellery*, 4 Mart. N. S. 88, in which we held, that notice of a protest is improperly given to an attorney, with special powers which do not authorize him to receive such a notice. The present case, in our opinion, differs from that relied on. When the power is a special one, it cannot be extended beyond what is expressed in it, and the power to receive a notice of protest is not necessarily included in that of endorsing. In the present instance, the defendant's power of attorney to P. J. Tricou confers upon him, the most general and extensive powers to do and transact all his business in this State. After enumerating a variety of powers, among which are those of endorsing and making notes, *electing a domicil*, suing and being sued, &c., the power of attorney concludes with the following clause : " *et généralement faire tout ce que les cas pourront rendre nécessaire, sans qu'il soit besoin d'un mandat plus spécial."* Under such a general power, we cannot believe that the defendant ever contemplated, that in case of the protest of any notes endorsed by him through his agent, the notice should be forwarded to him at his residence in Paris, instead of being served on the person authorized to act for, and represent him here, in all his affairs. In many cases, it might be extremely prejudicial to the interest of the principal to withhold from his agent notice of the protest of a note endorsed by the latter, and to transmit it to him at a distant place ; the delay incidental to such a course might endanger his recourse against previous endorsers, or the maker. Notice to an attorney in fact, is in our opinion, sufficient, although the procuration does not specially confer upon him the power to receive notices of protest, if it gives general powers to transact the business of the principal, he living abroad. It is otherwise when the power of attorney is a limited one, conferring on the agent only certain special powers therein enumerated. 1 Robinson's Rep. 119. Moreover, the power to sue and be sued contained in the letter of attorney, might be considered as carrying with it that of receiving notice of any step or proceeding, which may become necessary to fix the legal responsibility of the principal before a suit is instituted against him.

It is therefore ordered, that the judgment of the Parish Court

be avoided and reversed ; and it is further ordered, that the plaintiffs do recover of the defendant Jean Guimbillot eleven hundred and eighty-seven dollars and ten cents, with interest at the rate of five per cent per annum from the 23d of February, 1842, until paid, and the costs in both courts.